PER CURIAM.
The appellant, C.L.P., appeals his adjudication of delinquency and disposition of time served. He was found guilty of attempted battery on a school board employee, an offense the trial judge designated a first-degree misdemeanor under an incorrect interpretation of section 784.081, Florida Statutes (2012). On appeal, C.L.P. *1122 argues that the offense of attempted battery on a school employee does not exist. We agree.
As we previously held in W.T.D. v. State, 906 So.2d 333, 334 (Fla. 4th DCA 2005), section 784.081 does not create the offense of attempted battery on a school employee but rather acts as an enhancement statute. Where the offense of assault, aggravated assault, battery, or aggravated battery is committed against a school official or employee, section 784.081 reclassifies the offense to a felony or misdemeanor of a higher degree and enhances the penalty for each. Id.
In W.T.D. — under an almost identical set of facts — we remanded the matter with instructions to reduce the judgment from a finding of guilt on attempted battery on a school employee, a purported third-degree felony, to attempted battery, a misdemeanor. Id. at 334-35. W.T.D.’s commitment to a level six facility was vacated and the trial court was instructed to hold a new disposition hearing. Id. at 335.
Similarly, C.L.P. should have been found guilty of attempted battery — not attempted battery of a school employee. Unlike W.T.D., however, C.L.P. received time served and therefore a new disposition hearing is not necessary.
Accordingly, we reverse and remand with instructions for the trial court to enter an adjudication of delinquency for attempted battery, a second-degree misdemeanor. §§ 777.04, 784.03, Fla. Stat. (2012).

Reversed and remanded with instructions.

MAY, CIKLIN and LEVINE, JJ., concur.